Present:  All the Justices

DESTINY JOY CRAWFORD, ET AL.

v.  Record No. 050236        OPINION BY JUSTICE DONALD W. LEMONS
                                November 4, 2005

TERRY B. HADDOCK, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

In this appeal, we consider whether the trial court erred in its judgment that Code § 51.1-510 bars imposition of a constructive trust upon proceeds from a Virginia Retirement System group life insurance policy.  For the reasons discussed herein, the judgment of the trial court will be affirmed.

I.  Facts and Proceedings Below

This appeal arises from an interpleader action filed by Minnesota Life Insurance Company ("Minnesota Life") requesting the trial court to determine the proper distribution of proceeds of a life insurance policy insuring the life of Steven Mark Crawford ("Steven").  Steven was insured under a group life insurance policy issued to the Virginia Retirement System ("VRS") pursuant to Title 51.1 of the Code of Virginia. On January 24, 2000, Steven designated his sister, Terry B. Haddock ("Terry"), as the sole beneficiary of his life insurance policy.  Steven died on January 13, 2003.

In addition to Terry, Minnesota Life named Eloisa O. Crawford ("Eloisa"), Destiny Joy Crawford ("Destiny"), Scott

1

Zachary Crawford ("Scott"), and Micah Zebulon Crawford ("Micah") as defendants in its interpleader action. Eloisa was Steven's third wife and his surviving legal spouse at the time of his death. Destiny is Steven's daughter from his second marriage. Scott and Micah are Steven's sons from his first marriage.

Minnesota Life paid the life insurance proceeds, plus the accrued interest, into the trial court and was discharged. The trial court then ordered each of the defendants to file written statements as to the nature of their respective claims. Terry claimed that she was entitled to the benefits because she was the sole designated beneficiary. Eloisa responded that, as Steven's surviving legal spouse, she was either the sole beneficiary of Steven's life insurance policy or entitled to her elective share of Steven's augmented estate. Destiny stated that she was entitled to the proceeds because the separation agreement between Steven and Destiny's mother, entered on February 7, 2000, named her as the "primary irrevocable beneficiary" of Steven's life insurance policy.[1]

---

[1] Entitled "Life Insurance Policies for the Child," Article 3.4 of the separation agreement stated in relevant part: "[Steven] agrees to maintain in full force and effect, his existing employer-provided life insurance policy, with a $15,000 death benefit unless he dies from an employment-related injury, in which instance the benefit is $250,000, and to designate [Destiny] as the primary irrevocable beneficiary thereof."

Finally, Scott and Micah argued that, pursuant to the separation agreement between Steven and their mother entered on April 7, 1992, they were each entitled to $25,000 from the proceeds of Steven's life insurance policy.[2]  With the exception of Terry, each of the defendants also asked the trial court to impose a constructive trust upon the life insurance proceeds.

After the defendants filed their respective answers, Terry filed a motion for summary judgment.  In it she claimed that there was no material fact in dispute and that Code § 51.1-510 exempted Steven's life insurance proceeds "from levy, garnishment[,] and other legal process including imposition of [the] constructive trust" sought by the other defendants.  Therefore, Terry argued that she was entitled to all of the proceeds because she was the sole designated beneficiary.

The trial court granted Terry's motion for summary judgment, stating that the "anti-alienation, anti-attachment provisions set forth [in Code § 51.1-510] bars [sic] the

_____

[2] Paragraph 17 of the separation agreement stated that Steven "agrees to purchase and maintain and provide evidence to the Wife of a life insurance policy payable to each child in the amount of $25,000.00 upon the death of the Husband. Husband agrees from time to time to provide the Wife upon her written request any documentation which may be desired concerning his maintaining this policy in full force and effect."

imposition of [the] constructive trust" sought by Eloisa, Destiny, Scott, and Micah. The trial court noted that Eloisa had filed a separate suit asserting her elective share in Steven's augmented estate and specifically did not rule regarding the validity of this claim by Eloisa.

Destiny, Scott, and Micah filed timely appeals,[3] which we subsequently granted in order to consider two assignments of error: (1) error by the trial court "in denying the imposition of a constructive trust by declining to apply the child support exception provided in" Code § 51.1-124.4 to Code § 51.1-510; and (2) error by the trial court "in not distinguishing the enforcement of the life insurance obligations of the insured to his children from ordinary commercial debts."

## II. Analysis

In the instant case, no material facts are in dispute. This appeal is a matter of statutory interpretation and is therefore "a pure question of law subject to de novo review." Horner v. Dep't of Mental Health, Mental Retardation, & Substance Abuse Servs., 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004). When interpreting statutes,

---

[3] Eloisa did not note an appeal and, despite being given notice of the appeals of Destiny, Scott, and Micah, did not file a brief, make an appearance, or otherwise participate in this appeal.

4

> courts must ascertain and give effect to the legislature's intention, which is to be deduced from the words used, unless a literal interpretation would result in a manifest absurdity. When, as here, the General Assembly uses words that are clear and unambiguous, courts may not interpret them in a way that amounts to a holding that the legislature did not mean what it actually has expressed. In other words, courts are bound by the plain meaning of clear statutory language.

Id. at 192, 597 S.E.2d at 204 (citations omitted). In a situation where " 'one statute speaks to a subject generally and another deals with an element of that subject specifically, the statutes will be harmonized, if possible, and if they conflict, the more specific statute prevails.' This is so because 'a specific statute cannot be controlled or nullified by a statute of general application unless the legislature clearly intended such a result.' " Gas Mart Corp. v. Board of Supervisors, 269 Va. 334, 350, 611 S.E.2d 340, 348 (2005) (quoting Commonwealth v. Brown, 259 Va. 697, 706, 529 S.E.2d 96, 101 (2000)).

On appeal, Destiny, Scott, and Micah argue that the exceptions enumerated in Code § 51.1-124.4 apply to all of Title 51.1, and that these exceptions are not modified by Code § 51.1-510. They argue that the trial court failed to properly harmonize the statutes and incorrectly held that a constructive trust could not be imposed upon Steven's life

5

insurance proceeds.  The arguments advanced by Destiny, Scott, and Micah are incorrect.

Code § 51.1-124.4, part of the "General Provisions" addressing the Virginia Retirement System ("VRS") in Chapter 1 of Title 51.1, states that an individual's VRS assets "shall not be subject to execution, attachment, garnishment, or any other process whatsoever."  Code § 51.1-124.4(A).  One of several enumerated exceptions to this general prohibition is "any court process to enforce a child or child and spousal support obligation."  Code § 51.1-124.4(A).  Code § 51.1-510, which specifically addresses the "Group Insurance Program" of the VRS in Chapter 5 of Title 51.1, states that "the insurance provided for in this chapter, including any optional insurance, and all proceeds therefrom shall be exempt from levy, garnishment, and other legal process."  Code § 51.1-510(A).

In the instant case, Steven's life insurance was a VRS group term life insurance policy.  As such, the general provisions of Chapter 1 and the specific provisions of Chapter 5 of Title 51.1 control it, and our analysis.  Generally, all assets of the VRS "shall not be subject to execution, attachment, garnishment, or any other process whatsoever." Code § 51.1-124.4(A).  One exception to this general rule is "any court process to enforce a child or child and spousal

6

support obligation." Code § 51.1-124.4(A). Thus, at first glance, it would appear that a constructive trust could be imposed on the life insurance proceeds in order to enforce Steven's obligation to provide for Destiny, Scott, and Micah.

However, the specific provisions of Chapter 5 further qualify the general provisions found in Chapter 1 of Title 51.1. While, generally, an exception exists for a "child or child and spousal support obligation," the General Assembly has clearly stated that this exception does not apply in the specific context of the VRS Group Insurance Program. Code § 51.1-510 clearly exempts both a VRS group life insurance policy and any resulting proceeds "from levy, garnishment, and other legal process." The constructive trust sought by Destiny, Scott, and Micah is a type of "other legal process."

Therefore, the trial court correctly held that it was prohibited as a matter of law from imposing a constructive trust on Steven's VRS group life insurance proceeds. The language employed by the General Assembly evidences a clear intent to protect an individual's assets in the Group Insurance Program "from levy, garnishment, and other legal process." While Code § 51.1-124.4 provides exceptions that apply generally to VRS assets, Code § 51.1-510 speaks directly to the specific issue in this appeal. Because the specific controls the general, and there is no indication that the

General Assembly clearly intended the general to nullify the specific, see Gas Mart, 269 Va. at 350, 611 S.E.2d at 348, the exceptions enumerated in Code § 51.1-124.4 do not apply to the Group Insurance Program because of the plain language of Code § 51.1-510.  Furthermore, the exemption found in Code § 51.1-510 is without exception and it was unnecessary for the trial court to distinguish "the enforcement of the life insurance obligations of the insured to his children from ordinary commercial debts" in the context of this case.

We will affirm the judgment of the trial court.

Affirmed.