PRESENT:   All the Justices

JERRY ALLEN CAMPBELL, EXECUTOR
OF THE ESTATE OF GORDON LITTLE

                                              OPINION BY
v.    Record No. 051410            JUSTICE G. STEVEN AGEE
                                              April 21, 2006
D. GREGORY HARMON, TRUSTEE
OF THE MARGARET STEWART LITTLE
MARITAL TRUST, ET AL.

              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                      Jeffrey W. Parker, Judge

     Jerry Allen Campbell, executor of the estate of Gordon

Little, appeals from a judgment of the Circuit Court of Fauquier

County, which held that he lacked standing to seek an accounting

from D. Gregory Harmon and Peter B. Valentine, trustees of The

Margaret Stewart Little Marital Trust ("Trustees").[1]  At issue in

this appeal is whether the personal representative of the estate

of a decedent who was a lifetime beneficiary of a trust has

standing to seek an accounting from the trust fiduciaries.  For

the reasons set forth below, we will affirm in part, and reverse

in part, the judgment of the trial court.

_____

     [1] The Trustees are both certified public accountants who
served as full-time trustees not only for the Margaret Stewart
Little Marital Trust established by Mrs. Little, but also serve
as fiduciaries for other trusts established by her and the
Stewart family.  The trust at issue in this case was created in
California and the Trustees reside there.  However, no party
disputes that Virginia law controls the issues arising in the
case at bar.

## I.  BACKGROUND AND PROCEEDINGS BELOW

Margaret Stewart Little, as part of a trust agreement created during her lifetime, established the Margaret Stewart Little Marital Trust ("the Marital Trust") for the benefit of her husband, Gordon Little, which took effect at her death in 1984.  The following terms governed the Marital Trust's administration and distribution:

> 1. The Trustees shall pay to or for the benefit of [Gordon Little], all of the trust net income, in installments to be selected by the Trustees . . . provided, however, that the Trustees shall pay to [Gordon] not less than the sum of $3,000 per month . . . .
>
> In addition to the net income the Trustees may pay to or for the benefit of [Gordon Little] as much of the trust principal as the Trustees, in their absolute discretion, deem necessary for his support and health expenses, including, but not limited to, medical, hospital, doctors, nursing, dental and other health expenses.

Under the terms of the Marital Trust, Little was the sole income beneficiary of that trust during his lifetime and payment of the net trust income to him was a mandatory requirement of the trust.  The Marital Trust further provided that upon Little's death it would terminate and any remaining trust property, "excluding undistributed income, [would] vest in and be added to the Family Trust."[2]  "The undistributed income held

---

[2] Neither Gordon Little nor his estate was a beneficiary of, had any interest in, or control of the Family Trust, which was also created by Margaret Stewart Little.

2

by the Trustees as of the date of" Little's death, however, would "be paid to the personal representative of his estate for the purposes of administration therein."  By its terms, the Marital Trust qualified for the marital deduction on the United States estate tax return of the estate of Margaret Stewart Little, as a qualified terminable interest property trust under Internal Revenue Code § 2056(b)(7).

From 1984 until his death in June 1999, Little received certain distributions from the Trustees out of the Marital Trust.  The Trustees never rendered an accounting to Little during his lifetime as to the discharge of their fiduciary duties under the Marital Trust.  The record does not indicate Little formally requested an accounting.  Following Little's death, his will was admitted to probate and Campbell qualified as the executor of Little's estate.  A provision of Little's will provides: "I grant unto my Executor all rights and powers set forth in Section 64.1-57 of the Code of Virginia."

A disagreement arose between Campbell and the Trustees as to the administration of the Marital Trust prior to Little's death and as to the disposition of certain tangible personal property after Little's death.  In July 2000, Campbell filed a bill of complaint to compel an accounting and other relief from the Trustees.  Citing the trial court's authority to order an accounting under Code § 8.01-31, Campbell sought to have the

3

Trustees account for two events:  First, for tangible personal property the Trustees "removed from Heritage Farm[3] following the death of Gordon Little," and, second, "for their administration of the Margaret Stewart Little [Marital] Trust." Campbell asserted that the Trustees wrongfully removed tangible personal property from Heritage Farm after Little's death that belonged to Little personally.  Campbell further alleged that a "full, complete and fair accounting by the Defendant Trustees will show that moneys are due from the [Marital Trust] to the Estate of Gordon Little."

During a June 2, 2003 hearing, the trial court observed that under Code § 8.01-31, Little would have been entitled to an accounting from the Trustees during his lifetime for their administration of the Marital Trust.  However, the trial court questioned whether Campbell, as executor of Little's estate, now had standing to compel an accounting.  Campbell argued he succeeded to Little's Code § 8.01-31 right to an accounting by virtue of the survival provisions of Code § 8.01-25.  The Trustees contended Code § 8.01-25 did not apply and that their delivery of "financial statements" to Little during his lifetime satisfied any obligation to account for administration of the Marital Trust.  Campbell disagreed and argued the "financial

---

[3] Until his death, Little continued operating a thoroughbred farm located in Fauquier County and known as Heritage Farm,

4

statements" did not constitute a fiduciary accounting under Virginia law.

In a July 7, 2003 decree, the trial court found that the "[f]inancial [s]tatements . . . did not constitute an 'accounting' for the years" for which they were prepared. No appeal of this finding by the trial court was made and it now constitutes the law of this case. Pollard & Bagby, Inc. v. Pierce Arrow, L.L.C., 258 Va. 524, 527-28, 521 S.E.2d 761, 763 (1999). The trial court deferred a final ruling on whether Campbell was entitled to an accounting from the Trustees in order to "fully analyze and consider the authorities on whether or not [Campbell] has 'standing' as Executor of the Estate of Gordon Little under § 8.01-31 of the Code of Virginia to compel such an accounting." Both parties submitted written memoranda addressing this issue.

After an unexplained delay, the trial court eventually ruled by a final decree, dated April 6, 2005, in which it found:

> [T]hat there is no right to an accounting under Virginia Code Section 8.01-25; the right to an accounting is generally provided for under Virginia Code Section 8.01-31; the Will does not incorporate Section 8.01-31 into the Executor's powers and does not direct that the Executor seek an accounting; and the closest statute that might apply is 64.1-57(1)(n) which does not apply because no trusts were created in Gordon Little's will.

---

which was an asset of the Marital Trust.

Consequently, the trial court ordered that "Campbell as Executor of the Estate of Gordon Little does not have standing to seek an accounting and overrules his motion for an accounting."  We awarded Campbell this appeal.

## II.  ANALYSIS

Campbell's assignments of error posit a central question: whether the trial court erred in ruling that an executor lacks standing to maintain an action for an accounting from the trustees of a trust of which the decedent was a beneficiary. Campbell argues the trial court erred because as Little's executor, he succeeded to Little's cause of action for an accounting under Code § 8.01-31 by virtue of the survival provisions of Code § 8.01-25.  Campbell also argues an executor has that right regardless of whether a decedent specifically grants such a right to his fiduciary by will.  Furthermore, Campbell contends the incorporation of Code § 64.1-57 into Little's will does not affect his standing to compel an accounting because it is one of the "other powers granted by law" under the terms of the statute.

Campbell avers that at common law and under Code § 8.01-31, a "beneficiary of a trust had the absolute right to judicially require his Trustee, in a suit in equity, to render accountings

6

of his management of the Trust assets."[4]  Campbell contends that the standing to compel an accounting continues in the person of a decedent's personal representative because Code § 8.01-25 provides that "[e]very cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive . . . the death of the person in whose favor the cause of action existed . . . ."  In effect, Campbell argues he stands in Little's shoes in seeking to compel an accounting under Code § 8.01-31 by virtue of his status as Little's executor.  Campbell contends that construing Code § 8.01-25 as the trial court has done renders the statute "meaningless" because it bars a cause of action for an accounting from surviving the decedent contrary to the plain language of the statute.

The Trustees respond that although Code § 8.01-25 "on its face appears to be rather broad, nothing in it confers standing upon a personal representative to pursue every cause of action."  To support this contention, the Trustees cite Code §§ 8.01-56, 8.01-57, 8.01-63, 8.01-173, 64.1-144, and 64.1-145, which specifically provide that an individual or his "personal representative" may bring or be subject to the particular causes

---

[4] Code § 8.01-31 states: "An accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or

7

of action addressed in those statutes. Without citation to authority, the Trustees assert that the presence of these statutes would be superfluous if Code § 8.01-25 were intended to "give standing to personal representatives to pursue every cause of action." They aver that Code § 8.01-25, notwithstanding its language, should not be read to include every cause of action existing in favor of a decedent at his death. The Trustees thus conclude that a cause of action for an accounting does not survive a beneficiary's death under Code § 8.01-25 and is not separately authorized under Code § 8.01-31 because that statute does not expressly provide a cause of action for an accounting to a personal representative.

The issue before the Court in this case is a matter of statutory interpretation, a "pure question of law subject to de novo review." Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005) (quoting Horner v. Dep't of Mental Health, Mental Retardation, & Substance Abuse Servs., 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004)). The question thus put before us is whether the cause of action for an accounting existing in a beneficiary under Code § 8.01-31 continues in his personal representative by virtue of Code § 8.01-25 after the beneficiary's death. We agree with Campbell that such a cause

---

proportion, or against the personal representative of any such party."

8

of action does survive and is enforceable by the personal representative of the decedent.[5]

"When interpreting statutes, courts must ascertain and give effect to the legislature's intention, which is to be deduced from the words used, unless a literal interpretation would result in a manifest absurdity." Id. If the statute's text is "clear and unambiguous, courts may not interpret them in a way that amounts to a holding that the legislature did not mean what it actually has expressed. In other words, courts are bound by the plain meaning of clear statutory language." Id. (citing Horner, 268 Va. at 192, 597 S.E.2d at 204); Woods v. Mendez, 265 Va. 68, 74-75, 574 S.E.2d 263, 266-67 (2003); Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 99-100, 546 S.E.2d 696, 701 (2001) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); see also Melanson v. Commonwealth, 261 Va. 178, 183, 539 S.E.2d 433, 435 (2001) ("The primary objective of statutory construction is to ascertain and give effect to legislative intent. The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.").

---

[5] No issue was raised by the parties or the trial court contesting whether Little had a cause of action for an accounting prior to his death. We will therefore assume, without deciding, that a cause of action did accrue to Little by virtue of the Trustees' failure to account and that such failure

9

Applying these principles to the statutes at issue in the case at bar, we find that the text of Code §§ 8.01-25 and 8.01-31 is clear and unambiguous. The language of Code § 8.01-25 reflects the General Assembly's clear intent that: "Every cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive . . . the death of the person in whose favor the cause of action existed . . . ." (Emphasis added.) Assuming the trial court correctly found that Little had a cause of action for an accounting from the Trustees for their administration of the Marital Trust prior to his death, that cause of action survives Little's death under Code § 8.01-25 because it "existed" prior to his death. Contrast Rutter v. Jones, Blechman, Woltz & Kelly, P.C., 264 Va. 310, 313-14, 568 S.E.2d 693, 694-95 (2002) (claim for legal malpractice brought by decedent's personal representative did not survive because claim did not arise until after decedent's death).

Contrary to the Trustees' assertion, the broad language contained in Code § 8.01-25 making it applicable to "[e]very cause of action" is not derogated by other statutes conferring standing to personal representatives in particular situations. Indeed, the Trustees' position ignores situations where Code

---

was the necessary injury or damage by which a cause of action accrued.

10

§ 8.01-25 would not apply to preserve a cause of action, but the specific authorization to sue or be sued by a decedent's personal representative in other Code sections permits the claim.

Code § 8.01-25 only applies to causes of action "exist[ing]" prior to the decedent's death and provides that a "cause of action asserted by the decedent in his lifetime" for personal injury does not "survive," but rather can be amended as a wrongful death action under Code § 8.01-56. Hendrix v. Daugherty, 249 Va. 540, 542, 457 S.E.2d 71, 73 (1995); see also Code §§ 8.01-63 and 8.01-57. Thus, Code § 8.01-56, as well as §§ 8.01-57 and 8.01-63, for example, provide the basis for a separate cause of action, wrongful death, which did not exist during the decedent's lifetime and thus could not be maintained under the aegis of Code § 8.01-25.

Moreover, to adopt the Trustees' position would render Code § 8.01-25 meaningless because the only causes of action that would survive an individual's death would be those where the decedent's personal representative is specifically granted standing to bring an action by another statute. In effect, the Trustees' position as adopted by the trial court is a judicial repeal of Code § 8.01-25. This result eviscerates the principle well-established in our jurisprudence that when "the legislature has used words of a plain and definite import[,] the courts

11

cannot put upon them a construction which amounts to holding the legislature did not mean what it actually has expressed." Jenkins v. Director of the Va. Ctr. For Behavioral Rehab., 271 Va. 4, 10, 624 S.E.2d 452, 457 (2006); Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990); Watkins, 161 Va. at 930, 172 S.E. at 447; see also Crawford, 270 Va. at 528, 621 S.E.2d at 129 (citing Horner, 268 Va. at 192, 597 S.E.2d at 204); Trent v. Clinchfield Coal Corp., 119 Va. 805, 811, 89 S.E. 921, 922-23 (1916) (judicial repeal of a statute usurps legislative function).

Consequently, Little's cause of action to compel an accounting from the Trustees for the administration of the Marital Trust under Code § 8.01-31 survives Little's death pursuant to Code § 8.01-25. Thus, Campbell, in his capacity as executor of Little's estate, has standing to bring an action to compel an accounting by the Trustees for the administration of the Marital Trust while Little was a beneficiary of that trust.

The fact that Little's will does not expressly grant the executor of his estate authority to pursue actions under Code § 8.01-31 does not alter our analysis. In Isbell v. Flippen, 185 Va. 977, 41 S.E.2d 31 (1947), the appellants argued "that since the will . . . did not specifically authorize [the personal representative] to do so, the executor had no right to institute the present suit." Id. at 981, 41 S.E.2d at 33.

12

Soundly rejecting this contention, the Court noted that it "is so lacking in merit that it hardly needs discussion." Id. The Court then cited the statutory duty of personal representatives to: "administer, well and truly, the whole personal estate of his decedent." Id. (quoting Code § 5377, now codified at § 64.1-139). Because "[o]ne of the primary obligations of the personal representative is to collect the assets of the estate," the personal representative had not only the authority, but most likely even the duty, to file suit to collect debts owed to the decedent's estate. Id. ("failure to proceed promptly with the collection of assets due the decedent's estate is negligence, for which the personal representative may be liable"); see also O'Brien v. O'Brien, 259 Va. 552, 557, 526 S.E.2d 1, 4 (2000). Thus, Campbell's power to seek an accounting under Code § 8.01-31 is part of his fiduciary duty and authority as executor of Little's estate.

Similarly, Campbell's standing to seek an accounting under Code §§ 8.01-25 and 8.01-31 is unaffected by the clause in Little's will granting Campbell "all rights and powers set forth in [Code §] 64.1-57." The statutory powers incorporated into a will by reference to Code § 64.1-57 are not the only powers possessed by an executor. As the text of Code § 64.1-57 plainly states: "The following powers, in addition to all other powers granted by law, may be incorporated in whole or in part in any

13

will or trust instrument by reference to this section." (Emphasis added.) By incorporating the powers listed in Code § 64.1-57, a testator does not thereby exclude "all other powers granted by law" from the executor. The right to compel an accounting is such an "other power granted by law" as the foregoing discussion of Code §§ 8.01-31 and 8.01-25 reflect.

Accordingly, the mere fact that Little's will incorporates Code § 64.1-57 and does not contain a specific grant of authority to the executor to seek an accounting is no barrier to Campbell exercising "all other powers granted by law." The trial court's judgment was thus in error to hold that Campbell lacked standing to compel an accounting from the Trustees as to their administration of the Marital Trust prior to Little's death.

Having determined that Campbell, as Little's executor, had standing to compel an accounting by the Trustees, we must now resolve whether that cause of action encompasses all the relief requested in his Bill of Complaint. In that regard, Campbell contends he has a right to an accounting to determine whether Little "received all of the net income and other benefits due him under the terms of the said Marital Trust." For the reasons set forth above, the Trustees can be required to so account as to the administration of the Marital Trust through the time of Little's death. Thus, the Trustees, subject to any valid

14

defenses on the merits, none of which are before this Court, must account to Campbell for their administration of the Marital Trust during Little's lifetime, including the computation and distribution of the trust net income. This accounting would include any undistributed income of the Marital Trust accrued as of the date of Little's death, as Little had a right to such income up until that time. The trial court erred in ruling to the contrary.

Campbell also contends he has a cause of action for an accounting from the Trustees for their alleged removal of tangible personal property purportedly belonging to Little from Heritage Farm following Little's death. Campbell does not assert a basis for an accounting as to the tangible personal property other than by nexus to his argument of the right by survival under Code §§ 8.01-31 and 8.01-25. But Code § 8.01-25 cannot apply to authorize an accounting for the tangible personal property because the statute only permits survival of causes of action existing at the time of the decedent's death. Little clearly had no cause of action against the Trustees during his lifetime for the alleged removal of property that occurred after his death. As the executor's powers are derivative of Little's, Campbell acquired no standing to compel an accounting for the operation of the Marital Trust after the date of Little's death, when Little's right to an accounting had

ceased.  Code § 8.01-25 thus cannot be the basis for granting

Campbell standing to compel an accounting for the conversion of

tangible personal property that only occurred after Little's

death.  See Rutter, 264 Va. at 313-14, 568 S.E.2d at 694-95.

The trial court thus did not err in denying Campbell's

request for an accounting as to the tangible personal property

alleged to have been removed by the Trustees.[6]

### III.  CONCLUSION

A decedent's personal representative has standing under the

plain language of Code § 8.01-25 to maintain a cause of action

existing at the time of the decedent's death, which includes the

right to compel an accounting under Code § 8.01-31 from the

trustees of a trust of which the decedent was a beneficiary.

Accordingly, the trial court erred in ruling that Campbell

lacked standing to compel an accounting by the Trustees for

their administration of the Marital Trust during Little's

lifetime.  However, because Little did not have a cause of

action during his lifetime to seek an accounting for tangible

personal property removed from Heritage Farm after his death,

the trial court did not err in adjudging that Campbell did not

---

[6] The issue is not before us as to what rights, if any,
Campbell may assert under Code § 64.1-145 or otherwise as to the
claim for wrongfully removed tangible personal property and we
express no opinion in that regard.

16

have standing to seek an accounting by the Trustees for that property.

Therefore, we will affirm the judgment of the trial court denying the claim for an accounting of tangible personal property removed from Heritage Farm, but will reverse the judgment of the trial court regarding the claim for an accounting by the Trustees for the administration of the Marital Trust during Little's lifetime.  We will remand the case for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

17