COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Russell and Senior Judge Clements
Argued at Richmond, Virginia

PUBLISHED

JACOB F. CHANEY

                                                    OPINION BY
v.        Record No. 0859-19-2          JUDGE MARY GRACE O'BRIEN
                                                    JANUARY 14, 2020
JULIA L. KARABAIC-CHANEY

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Jessica C. Boutwell (CowanGates, on brief), for appellant.

Aubrey H. Brown, III (Dimitrios E. Karles; Parker, Pollard,
Wilton & Peaden, PC, on brief), for appellee.

Julia L. Karabaic-Chaney ("wife") and Jacob F. Chaney ("husband") married June 16, 2012,

and separated May 9, 2017.  Wife subsequently filed a complaint for divorce and requested

equitable distribution, spousal support, child support, and attorney's fees.  Husband's responsive

pleading did not include a counterclaim for divorce or allege wife's adultery as an affirmative

defense.  Because husband did not raise the issue of adultery in his answer, wife filed a motion *in

limine* asking the court to prohibit husband from introducing any evidence of her alleged adultery.

The court granted the motion excluding all evidence of wife's adultery "for any purpose at any

deposition, hearing[,] or trial."

The parties proceeded by *de bene esse* deposition on the issues of equitable distribution and

spousal support.  Husband and wife's depositions took place December 5, 2018, and the court heard

argument on all issues except child support on December 21, 2018.[1]  It received additional

testimony from the parties on January 31, 2019.  The court subsequently granted wife a divorce

based on a one-year separation pursuant to Code § 20-91(A)(9)(a), determined the equitable

distribution of property, ordered husband to pay child support, and awarded wife spousal support

"in the amount of $45,000.00 payable over five years in monthly installments of $750 per month"

with "[t]he right to receive future spousal support . . . reserved to [wife] upon motion made before

the expiration of the five[-]year period."

On appeal, husband assigns error to the court's spousal support ruling.  He contends that the

court should have allowed him to introduce evidence of wife's adultery for consideration under

Code § 20-107.1(E).  He also argues that the evidence was insufficient to warrant spousal support

and that the court erred in determining wife's right to request future modification of the award.

ANALYSIS

Appellate courts "review a trial court's decision to admit or exclude evidence using an abuse

of discretion standard and, on appeal, will not disturb a trial court's decision to [exclude] evidence

absent a finding of abuse of that discretion."  Harman v. Honeywell Int'l, Inc., 288 Va. 84, 92

(2014) (quoting John Crane, Inc. v. Jones, 274 Va. 581, 590 (2007)).  However, "a trial court 'by

definition abuses its discretion when it makes an error of law.'"  Shooltz v. Shooltz, 27 Va. App.

264, 271 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).  This appeal initially

requires us to review the court's decision to exclude evidence from its consideration of spousal

support under Code § 20-107.1(E).  To conduct this review, we also must determine whether the

court properly interpreted the language of Code § 20-107.1(E) specifying the circumstances and

factors courts must consider in awarding spousal support.  "[W]e review the trial court's statutory

---

[1] On December 14, 2018, husband filed a written proffer of facts for the court to consider in determining whether to award wife spousal support under Code § 20-107.1(E).  This proffer included allegations to support his claim that wife committed adultery during the marriage.

interpretations and legal conclusions *de novo*." Navas v. Navas, 43 Va. App. 484, 487 (2004) (quoting Sink v. Commonwealth, 28 Va. App. 655, 658 (1998)).

Code § 20-107.1 authorizes a court to order spousal support after considering numerous requisite factors. See Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903 (1991). See also Ray v. Ray, 4 Va. App. 509, 513 (1987) ("A review of all the factors contained in Code § 20-107.1 is mandatory."). "When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" Dodge v. Dodge, 2 Va. App. 238, 246 (1986) (quoting Thomasson v. Thomasson, 225 Va. 394, 398 (1983)).

"An abuse of discretion . . . exists if the trial court fails to consider the statutory factors required to be part of the decisionmaking process." Congdon v. Congdon, 40 Va. App. 255, 262 (2003). "In determining spousal support, the . . . court must consider all factors contained in Code § 20-107.1; failure to do so constitutes reversible error." Rowe v. Rowe, 24 Va. App. 123, 139 (1997). See also Keyser v. Keyser, 7 Va. App. 405, 414-15 (1988) (reversing denial of spousal support where the court considered only the marriage's short duration and wife's "good . . . financial condition" rather than all factors under Code § 20-107.1(E)).

Code § 20-107.1(E) provides that "[t]he court, in determining whether to award support and maintenance for a spouse, shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery and any other ground for divorce." The statute enumerates thirteen specific factors the court must consider when awarding spousal support. Code § 20-107.1(E)(1)-(13). Code § 20-107.1(E)(13) reiterates the direction that the court consider "other factors, including . . . the circumstances and factors that contributed to the dissolution [of the marriage], specifically including any ground for divorce, as are necessary to consider the equities between the parties."

Here, wife asserts that the court correctly excluded evidence of her adultery in her spousal support claim because husband did not allege adultery as a ground for divorce or as an affirmative defense. In support of this argument, wife relies on Code § 20-107.1(B). When granting a divorce on adultery grounds, a court cannot award support to the adulterous spouse unless denying support "would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties." Code § 20-107.1(B).

Adultery is a statutory ground for divorce. Code § 20-91(A)(1). However, we disagree with wife's contention that a court may not consider adultery evidence in determining spousal support unless adultery was expressly pled. Here, husband does not contend that evidence of wife's adultery was relevant and admissible to establish a ground for divorce; he acknowledges that he did not file a counterclaim alleging grounds for divorce and that he did not assert adultery as an affirmative defense to her complaint. Rather, husband argues that the court should have permitted him to present evidence of wife's adultery because Code § 20-107.1(E) requires the court to consider "the circumstances and factors which contributed to the dissolution of the marriage, specifically *including* adultery and any other ground for divorce." Code § 20-107.1(E) (emphasis added). Accordingly, he argues that the court's pretrial ruling precluding him from presenting evidence of wife's adultery, a "factor[] which contributed to the dissolution of the marriage," was in error. Code § 20-107.1(E).

We agree. When read in context with the entirety of Code § 20-107.1, section E commands a court to consider evidence of adultery when awarding spousal support, even if the proponent of the evidence did not plead adultery as a ground for divorce or as an affirmative defense. "When construing a statute, [an appellate court's] primary objective 'is to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Office of Att'y Gen. v. State

- 4 -

Corp. Comm'n, 288 Va. 183, 191-92 (2014) (quoting Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425 (2012)).

Applying this principle of statutory interpretation to Code § 20-107.1, we find the "circumstances and factors" language of section E is similar to the provision in section B. Code § 20-107.1(B) mandates that a court consider "the respective degrees of fault during the marriage" when determining if manifest injustice requires a spousal support award despite evidence that the recipient spouse engaged in adultery. We have interpreted the "respective degrees of fault during the marriage" to include "all behavior that affected the marital relationship, including any acts or conditions which contributed to the marriage's failure, success, or well-being." Barnes v. Barnes, 16 Va. App. 98, 102 (1993). We also specified that the "'respective degrees of fault during the marriage' are not limited to legal grounds for divorce." Id.

A similar analysis applies to consideration of "the circumstances and factors which contributed to the dissolution of the marriage," required by Code § 20-107.1(E). Code § 20-107.1(E) uses the following language in describing the "circumstances and factors" the court shall consider in awarding spousal support: "including adultery and any other ground for divorce." In interpreting a statute, we deduce the legislature's intention from the language of the statute. See Campbell v. Harmon, 271 Va. 590, 597-98 (2006). "If the statute's text is 'clear and unambiguous, courts may not interpret [it] in a way that amounts to a holding that the legislature did not mean what it actually expressed. In other words, courts are bound by the plain meaning of clear statutory language.'" Id. at 598 (quoting Crawford v. Haddock, 270 Va. 524, 528 (2005)). The General Assembly's use of the word "including" in Code § 20-107.1(E) is significant. It implies that there may be *other* admissible evidence that contributed to the dissolution of the marriage, such as evidence of physical violence despite no claim for divorce on the ground of cruelty, or evidence of an extramarital romantic relationship that was insufficient to establish adultery as a fault ground.

- 5 -

See Hughes v. Hughes, 33 Va. App. 141, 146 (2000) (requiring clear and convincing evidence to prove adultery as a ground for divorce).

Additionally, although the statute refers to grounds for divorce as examples of the "circumstances and factors" a court must consider on the issue of spousal support, these examples do not operate to constrict an otherwise broad statute contemplating that numerous acts may "contribute[] to the dissolution of [a] marriage." Code § 20-107.1(E). The statutory breadth is further demonstrated by the "circumstances and factors" language of Code § 20-107.1(E)(13) authorizing a court to consider the relative equities of the parties, including adultery, on the issue of spousal support. Consistent with our holding in Barnes, we find that Code § 20-107.1(E) does not limit a court's consideration to the legal grounds actually pled for divorce when determining spousal support.

Therefore, the court's ruling precluding husband from introducing evidence of wife's adultery "for any purpose at any deposition, hearing[,] or trial" was in error. Further, because the court failed to consider one of the mandatory factors under Code § 20-107.1(E), we find that the court abused its discretion in reaching its spousal support decision. See Rowe, 24 Va. App. at 139.

Our ruling mandates a remand for a rehearing on the issue of spousal support; accordingly, we do not address husband's other two assignments of error. "Following the traditional doctrine of judicial restraint, [appellate courts] 'decide cases "on the best and narrowest grounds available."'" Levick v. MacDougall, 294 Va. 283, 302 (2017) (quoting Commonwealth v. White, 293 Va. 411, 419 (2017)). See also Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2 (2007).

Reversed and remanded.