# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court building in the City of Richmond on Thursday the 21st day of January 2021.*

Present: All the Justices

Mary Carroll Griffith Platt, et al.,                            Appellants,

against          Record No. 190817
                  Circuit Court No. CL18-4714

Mary Catherine Miles Griffith, et al.,                       Appellees.

                                           Upon appeal from a judgment rendered by the Circuit Court of Henrico County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the circuit court.

## I. Background

Dr. Lloyd Tayloe Griffith ("Dr. Griffith") died in December 2016. Dr. Griffith was survived by his three adult children: two daughters, Mary Carroll Griffith Platt and Lindsay Carr Griffith Farino (collectively, the "appellants"), and a son, Charles Tayloe Griffith ("Charles"). Dr. Griffith was also survived by his second wife, Mary Catherine Miles Griffith ("Mary Cate"). At the time of his death, Dr. Griffith had executed several documents pertaining to the distribution of his estate.

Under Dr. Griffith's 2008 will, the residue from the estate, which included a 704-acre farm ("Albany Farm"), was to be placed in a trust for Mary Cate's benefit. If Mary Cate

predeceased Dr. Griffith, Albany Farm would go to Charles, apart from two 10-acre parcels of land to be given the appellants.

Dr. Griffith executed a new will in October 2010, revoking and replacing all prior wills. The 2010 will devised to each of the appellants a 20-acre parcel of Albany Farm, with the remainder going to Mary Cate and Charles. Further, the 2010 will left Mary Cate a 55-acre estate in Westmoreland County and all other real estate owned solely by Dr. Griffith, in addition to all personal property that Dr. Griffith owned or shared with Mary Cate.

In 2014, Dr. Griffith executed a deed of gift of personal property (the "chattel deed"), immediately transferring to Mary Cate all personal property located in the Albany Farm residence and in their shared residence in the City of Richmond. Six months prior to his death in 2016, Dr. Griffith executed a deed of gift (the "deed of gift"), conveying a life estate in the Albany Farm residence to Mary Cate. The deed of gift gave Charles the entirety of Albany Farm, subject to Mary Cate's life estate in the residence. Notably, the deed of gift did not reserve the two 20-acre parcels devised to the appellants in the 2010 will.

Charles, acting as the personal representative of Dr. Griffith's estate, filed a suit for aid and guidance, requesting to probate the 2010 will after initially probating the 2008 will. The appellants challenged the validity of the 2010 will. The circuit court found by clear and convincing evidence that Dr. Griffith intended the 2010 will to constitute his operative will and ordered that the 2010 will be entered into probate. The appellants did not appeal the circuit court's order.

In August 2018, the appellants filed a complaint listing Mary Cate and Charles, in his individual capacity, as defendants. The complaint alleged that Mary Cate and Charles committed a breach of fiduciary duty, waste of the estate, constructive fraud, conversion,

2

conspiracy to commit conversion, business conspiracy, and undue influence. More specifically, the appellants alleged that Mary Cate unduly influenced Dr. Griffith to sign the chattel deed. Further, the appellants alleged that in 2016, Charles and Mary Cate conspired to convert $13,000,000 of Dr. Griffith's assets using their confidential relationship to exert undue influence over Dr. Griffith.

The appellants demanded a judgment of over $13,000,000 and an order requiring an accounting of Dr. Griffith's real and personal property owned as of the execution of the 2010 will, with that property being placed in a constructive trust. They demanded the restoration of the value of Dr. Griffith's property to what it was before the alleged violations by Mary Cate and Charles. The appellants further demanded that the circuit court declare the chattel deed and the deed of gift void *ab initio*. The appellants requested punitive damages and attorneys' fees.

Mary Cate and Charles individually moved to dismiss the appellants' complaint based on lack of standing. The circuit court dismissed the complaint with prejudice. The circuit court noted that the transfers at issue occurred during Dr. Griffith's lifetime. As such, the circuit court concluded that only Dr. Griffith's personal representative could bring the claims. The circuit court specifically held that the appellants did not have "any right, title or interest" to the property at issue. The circuit court explained that the 2010 will extinguished any expectation held by the appellants as to personal property. Similarly, the circuit court explained that the deed of gift extinguished the prior testamentary gifts of the two 20-acre parcels on Albany Farm.

The appellants opposed the entry of the proposed final order and sought leave to amend their complaint. The appellants alleged that once Dr. Griffith died, the appellants' interests "vested," giving them standing. After hearing argument, the circuit court entered an order dismissing the appellants' claims with prejudice.

## II. Analysis

On appeal, the appellants maintain that they have standing to pursue the rescission of the *inter vivos* deeds because they are "vested beneficiaries" of two 20-acre parcels of Albany Farm.

We review de novo the question of whether the appellants' factual allegations were sufficient to establish standing, as this issue presents a question of law. *See Deerfield v. City of Hampton*, 283 Va. 759, 764 (2012); *Virginia Marine Res. Comm'n v. Clark*, 281 Va. 679, 686-87 (2011), *overruled in part on other grounds by Woolford v. Virginia Dep't of Taxation*, 294 Va. 377, 390 (2017)*; Philip Morris USA Inc. v. Chesapeake Bay Found., Inc.*, 273 Va. 564, 572 (2007)*; Barber v. VistaRMS, Inc.*, 272 Va. 319, 327-28 (2006).

To establish standing, it is essential for a litigant to "show an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest." *Westlake Prop., Inc. v. Westlake Pointe Prop. Owners Ass'n., Inc.*, 273 Va. 107, 120 (2007). Virginia law establishes that "[t]he personal representative, not a beneficiary of the estate, is the proper party to litigate on behalf of the estate and that is true even when the personal representative is also a possible beneficiary of the estate." *Reineck v. Lemen*, 292 Va. 710, 722 (2016) (quoting *Burns v. Equitable Assocs.*, 220 Va. 1020, 1028 (1980)); *see also* Code § 1-234; *cf. Campbell v. Harmon*, 271 Va. 590, 601-02 (2006) (personal representative did not have standing to compel accounting when decedent had no cause of action during his lifetime).

Although the appellants have consistently denied that they are challenging the estate or suing on behalf of the estate, their claims relating to the rescission of the *inter vivos* transfers are inherently on behalf of the estate as they would have belonged to Dr. Griffith during his lifetime. *See* Code §§ 8.01-25, 64.2-519, and 64.2-520. Dr. Griffith's estate would "directly benefit" if the appellants prevailed on their claims. *See Burns*, 200 Va. at 1028. In contrast, the appellants

4

would only indirectly benefit from their claims as the potential beneficiaries of Dr. Griffith's 2010 will. *See id.*

The appellants contend that it is unreasonable to expect "a personal representative and beneficiary whose unlawful conduct has cheated other beneficiaries and the estate" to pursue claims on behalf of the estate to correct his or her own misconduct. Nevertheless, the appellants have failed to file a petition to remove and replace Charles as personal representative of the estate. Charles remains the personal representative of Dr. Griffith's estate, and he is the only party entitled to bring suit on behalf of the estate. Consequently, the appellants do not have standing to bring the claims asserted.[*]

For the reasons stated, we affirm the circuit court's decision.

This order shall be published in the Virginia Reports and certified to the Circuit Court of Henrico County.

A Copy,

Teste:

Clerk

---

[*] We note that the appellants' argument is largely based on their contention that they are "vested beneficiaries" of two 20-acre parcels under Dr. Griffith's 2010 will. However, the appellants only had potential interests in the two 20-acre parcels as the specific devises of the two parcels were subject to ademption by extinction. *See May v. Sherrard*, 115 Va. 617, 623 (1913) (holding that a specific bequest is revoked if the testator disposes of the property prior to death); *see also King v. Sheffey*, 35 Va. (8 Leigh) 614, 619 (1837). Indeed, the two parcels were conveyed, along with the rest of Albany Farm, to Charles via the 2016 deed of gift. As a result, the parcels were not part of Dr. Griffith's estate, and the appellants' interests never vested.