Present:  Carrico, C.J., Compton, Stephenson,[1] Hassell, Keenan, and Koontz, JJ., and Poff, Senior Justice

WILLIAM H. ARCHAMBAULT, ESQUIRE
                              OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 962267
                                          September 12, 1997
COLLEEN M. ROLLER

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge


Generally, Code § 8.01-399 prohibits a lawyer from obtaining information from a physician in connection with pending or threatened litigation without the consent of the physician's patient except through discovery.  The dispositive issue in this appeal is whether a lawyer violated this statutory prohibition.

Colleen M. Roller filed a medical malpractice action against Dr. John A. Jane, contending that Dr. Jane exceeded the authorized scope of a certain surgical procedure and, as a result, Roller was rendered a paraplegic.  While the malpractice action was pending, Roller filed a motion for injunctive relief and for sanctions, claiming that William H. Archambault, Esquire, had violated Code § 8.01-399.  The trial court found that Archambault had violated the statute; however, the court did not impose any sanctions.  Archambault appeals.

The material facts are undisputed.  On September 5, 1991, Dr. Jane, an attending physician at the University of Virginia Health Sciences Center (the Center), performed surgery on Roller's spine.  Dr. Karen Jean Schwenzer, another attending

[1]Justice Stephenson prepared the opinion in this case prior to the effective date of his retirement on July 1, 1997, and the Court subsequently adopted the opinion.

physician at the Center, administered the anesthesia during the surgery.

Piedmont Liability Trust (the Trust) provided medical malpractice liability insurance and legal representation to the Center's attending physicians. Archambault was staff counsel for the Trust and served as counsel to the Center's attending physicians. As such, he not only provided legal advice and representation to the physicians but also supervised and monitored all litigation involving them.

The Trust hired outside counsel to represent Dr. Jane in Roller's malpractice action. On October 9, 1995, Dr. Jane's counsel informed Archambault that Roller's counsel wanted to depose Dr. Schwenzer. Pursuant to his duties as Trust staff counsel, Archambault contacted Dr. Schwenzer, informed her of the request to take her deposition, and obtained available dates therefor. During their conversation, Dr. Schwenzer requested that Archambault represent her at the deposition, and Archambault agreed.

Prior to the deposition, Archambault and Dr. Schwenzer met and discussed the malpractice case. Dr. Schwenzer told Archambault about her recollections of the events during the surgery, and Archambault conveyed this information to Dr. Jane's counsel. Thereafter, Archambault appeared at Dr. Schwenzer's deposition.

This appeal involves subsections D and F of Code § 8.01-399.

Code § 8.01-399(D) provides as follows:

> Neither a lawyer, nor anyone acting on the lawyer's behalf, shall obtain, in connection with pending or threatened litigation, information from a practitioner of any branch of the healing arts without the consent of the patient except through discovery pursuant to the Rules of the Court as herein provided.

Code § 8.01-399(F) provides, in pertinent part, as follows:

> Nothing herein shall prevent a duly licensed practitioner of the healing arts from disclosing any information which he may have acquired in attending, examining or treating a patient in a professional capacity where such disclosure is necessary in connection with . . . the protection or enforcement of the practitioner's legal rights including such rights with respect to medical malpractice actions . . . .

Archambault contends that Code § 8.01-399(F) expressly allows a physician to disclose information acquired in attending a patient where such disclosure is necessary in connection with the protection or enforcement of the physician's legal rights. Thus, Archambault concludes, because Dr. Schwenzer was allowed to disclose information to him as her counsel, he did not violate the statute when he obtained such information.

Roller contends, however, that "Archambault violated [Code §] 8.01-399 by serving as `counsel' for [Dr. Schwenzer] when he was already serving as insurance claims coordinator and de facto co-counsel for [Dr. Jane]." Roller asserts that she "had a right to expect that [Dr. Schwenzer] would not disclose information . . . absent legal compulsion."

The trial court, in rejecting Archambault's contention, stated that "[t]here is no necessity of protecting or enforcing

- 3 -

[Dr.] Schwenzer's legal rights" because Dr. Schwenzer was not a party to the malpractice litigation and she could not have been drawn into the litigation because all applicable statutes of limitations had run. We, however, agree with Archambault's contention.

It is firmly established that a court must accept a statute's plain meaning when the statute is clear and unambiguous. Wall v. Fairfax County School Board, 252 Va. 156, 159, 475 S.E.2d 803, 805 (1996). In the present case, we think Code § 8.01-399(F) clearly permits Dr. Schwenzer's disclosure of patient information "in connection with . . . the protection or enforcement of [her] legal rights." These "legal rights" include, but are not limited to, such rights "with respect to medical malpractice actions" and, thus, include such rights with respect to being deposed. Subsection F does not require that the physician be an actual or potential party to a medical malpractice action. Therefore, Archambault, as the recipient of the properly disclosed information, could not have violated Code § 8.01-399(D).

We hold, therefore, that Archambault did not violate Code § 8.01-399.[2] Accordingly, we will reverse the trial court's judgment and enter final judgment in favor of Archambault.

Reversed and final judgment.

_____

[2]Code § 8.01-399 does not purport to deal with any concern Roller may have regarding any conflict of interest arising out of Archambault's representation of Dr. Schwenzer at her deposition.

- 4 -