PRESENT:  All the Justices

ALLAN CHACEY, ET AL.

OPINION BY
v.  Record No. 150005                                   CHIEF JUSTICE DONALD W. LEMONS
                                                                              December 30, 2015

VALERIE GARVEY

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Jeffrey W. Parker, Judge

In this appeal, we consider whether the trial court erred in its interpretation and

application of Code § 55-332, which sets forth the procedure for determining damages in cases

involving timber trespass.

I.   Facts and Proceedings

In 1995, Valerie Garvey ("Garvey") purchased approximately 50 acres of property from

Allan and Susan Chacey (the "Chaceys").  The property was located at 11190 Red Oak Lane, in

Markham, Virginia, and the Chaceys retained ownership of adjacent property.  The Chaceys also

enjoyed an easement over Garvey's property as a means for ingress and egress to their property.

A road over the easement is used by both Garvey and the Chaceys to access their respective

properties.

On December 11, 2012,  Garvey filed a complaint in the Circuit Court of Fauquier

County ("trial court") against the Chaceys and Blue Ridge Forestry Consultants, Inc.,[1] alleging

timber theft (count 1), trespass (count 2), and property damage (count 3), and seeking an

injunction against the Chaceys and prescriptive termination of the easement (counts 4-6).

According to Garvey's complaint, the Chaceys hired a logging company in 2008 to remove

---

[1] Garvey settled her claims against Blue Ridge Forestry, and consequently they are not
party to this appeal.  Garvey also named Stephen and Marcia Rosenberger in her complaint,
alleging prescriptive termination of the easement, however this claim is not at issue in this
appeal.

certain timber located on their property. Garvey alleged that the logging company trespassed on her property and removed timber from her property without her permission. Garvey asserted that her counsel made a demand for damages from the Chaceys in accordance with Code § 55-331, et seq., but the Chaceys failed to compensate her as requested. She alleged that she was entitled to damages for timber theft at three times the value of the timber on the stump. Garvey also asserted that she was entitled to reforestation costs not to exceed $450 an acre, the costs of ascertaining the value of the timber, and attorney's fees. Garvey further alleged that she was entitled to $30,000 in order to compensate her for damages to her property caused by the trespass, including damage to the road, fencing, and the stone bridge.

Prior to trial, Garvey attempted to designate Lew Bloch as an expert witness for the purpose of establishing the monetary value of the timber on the stump at issue in the complaint. The Chaceys filed an objection to this expert designation and a motion in limine, arguing that Mr. Bloch was not designated in a timely manner and should not be permitted to testify. The trial court sustained the motion in limine. A three-day jury trial ensued.

At trial, Mr. Chacey admitted that they did not stake the common boundary between their property and Garvey's property prior to having the land timbered. Garvey testified the loggers arrived in 2008 and continued removing timber through 2010. She often saw the logging trucks driving past her property on the road she shared with the Chaceys. She testified that the logging trucks damaged the road, the cattle guards, the stone bridge, and her fencing. Garvey's attorney inquired if she had incurred legal costs in connection with the trespass. The Chaceys objected, and the trial court heard argument on whether attorney's fees were included in the definition of "legal costs." The trial court then ruled that legal costs included attorney's fees. Garvey testified

2

that she had incurred more than $135,000 in legal costs, including attorney's fees, which she claimed were all directly associated with the trespass.

On redirect, Garvey testified that in 2010 she walked her property and saw areas where trees had been cut and cleared. Garvey also testified that she had negotiated with Bartlett Tree Services for the restoration of the trees, and she had paid a deposit of $440 towards that work. She testified that the total price from Bartlett Tree Services for the scope of work to repair the damage and replant trees was approximately $78,000.

At the close of the plaintiff's case in chief, the Chaceys moved to strike, arguing that Garvey had failed to establish the damages from the timber theft since her expert evidence regarding the value of the timber on the stump had been excluded. Garvey responded that the exclusion of this evidence would only limit her ability to get treble damages on the value of the timber, but that she would still be entitled to other damages under Code § 55-332. The trial court granted the motion to strike in part and denied it in part. The trial court ruled that Garvey could not recover treble damages since there was no evidence of the value of the timber that was removed. However, the trial court allowed the case to go to the jury for consideration of damages for reforestation costs and legal costs. The trial court again ruled that the term "legal costs" in Code § 55-332 included attorney's fees, but the court held that if the jury awarded legal costs, the actual amount would be determined by the court in a separate hearing.

The jury returned a verdict in favor of Garvey on her claims of timber theft, trespass, and property damage. On count 1, the timber theft claim, the jury awarded Garvey $135 in reforestation costs. The jury also awarded her legal costs. On count 2, for trespass, the jury awarded Garvey $15,000 in damages. The jury also found in favor of Garvey on count 3 for property damage, but did not award any damages on that count. The trial court then directed the

3

parties to brief and argue their positions on attorney's fees and legal costs, and set a hearing on that issue for a later date. Prior to the hearing, Garvey's counsel submitted an affidavit asserting that Garvey had incurred a total of $250,335.96 in attorney's fees and costs that were a direct result of the trespass.

After consideration of the parties' arguments and briefs, the trial court held that Garvey was entitled to $165,135 in "directly associated legal costs incurred by Plaintiff as a result of the trespass, including attorney's fees, in the amount of $150,000, pursuant to Va. Code Ann. 55-331, et seq." The judgment amount was then reduced by $10,000 as a result of settlement between Garvey and Blue Ridge Forestry.

The Chaceys appealed the judgment against them and we granted the Chaceys' appeal on the following assignments of error:

1. The trial court erred in ruling attorney's fees were recoverable by a prevailing party in an action for timber theft pursuant to the Code of Virginia, §§ 55-331, et seq. as amended, based on the language contained in § 55-332(B).

2. The trial court erred in determining the quantum of directly associated legal costs pursuant to the Code of Virginia, § 55-332(B), as amended, by failing to consider the relevant factors illustrated by case law in fashioning an appropriate attorney's fees award.

3. The trial court erred in failing to require the appellee [to] show [that] the directly related legal costs claimed pursuant to the Code of Virginia, 1950, § 55-332(B), as amended, were accrued or amassed by the appellee in pursuit of the timber trespass claim known as count [1] in her complaint.

4. The trial court erred in permitting the appellee's timber trespass claim to proceed to the jury because the appellee failed to provide any evidence related to the value of the alleged damaged timber.

## II. Analysis

### A. Standard of Review

"Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." Conyers v. Martial Arts World of Richmond, Inc., 273 Va.

4

96, 104, 639 S.E.2d 174, 178 (2007). When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Id. We must give effect to the legislature's intention as expressed by the language unless a literal interpretation of the language would result in a manifest absurdity. Id. When the words of a statute are unambiguous, we accord the statutory language its plain meaning. Haislip v. Southern Heritage Ins. Co., 254 Va. 265, 268, 492 S.E.2d 135, 137 (1997); Archambault v. Roller, 254 Va. 210, 213, 491 S.E.2d 729, 731 (1997). If a statute is subject to more than one interpretation, this Court must "apply the interpretation that will carry out the legislative intent behind the statute." Conyers, 273 Va. at 104, 639 S.E.2d at 178. As the prevailing party at trial, Garvey is entitled to have the evidence viewed in the light most favorable to her, with all conflicts and inferences resolved in her favor. Caplan v. Bogard, 264 Va. 219, 225, 563 S.E.2d 719, 722 (2002).

## B. Directly Associated Legal Costs

In their assignment of error 1, the Chaceys challenge the trial court's ruling that the phrase "directly associated legal costs" in Code § 55-332(B) includes attorney's fees. It is well established that Virginia follows the "American Rule," which provides that "[g]enerally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." REVI, LLC v. Chicago Title Ins. Co., 290 Va. 203, 213, 776 S.E.2d 808, 813 (2015) (citing Mullins v. Richlands Nat'l Bank, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991)). There is no contract at issue in the dispute between the Chaceys and Garvey. Accordingly, Garvey is entitled to attorney's fees only if there is a specific statutory provision providing for them.

The General Assembly has created a statutory scheme in Title 55, Chapter 18, Article 8, dealing with timber theft. Code § 55-331 states that if any person, firm or corporation cuts

5

timber belonging to another, the owner has the right to a summary remedy for recovery of damages. Code § 55-332 then sets out the "[p]rocedure for determination of damage." Subsection (A) sets forth a manner in which the owner and alleged trespasser may appoint estimators to determine the amount of damages. Subsection (B) then states as follows:

> Any person who (i) severs or removes any timber from the land of another without legal right or permission or (ii) authorizes or directs the severing or removal of timber or trees from the land of another without legal right or permission shall be liable to pay to the rightful owner of the timber three times the value of the timber on the stump and shall pay to the rightful owner of the property the reforestation costs incurred not to exceed $ 450 per acre, the costs of ascertaining the value of the timber, and <u>any directly associated legal costs incurred by the owner of the timber as a result of the trespass.</u>

(Emphasis added). Code § 55-334 further provides that if the amount specified in subsection (B) of Code § 55-332 is not paid within 30 days of rendition of the statement, the person whose land was trespassed upon may proceed to judgment in the amount of the payment as specified in Code § 55-332. Code § 55-334 also states that if the person accused of trespass does not admit the fact of trespass, he may decline to appoint an estimator and notify the other party to such effect, and the aggrieved party may then sue in the "appropriate court." Code § 55-334.

There is no specific provision anywhere in Article 8 that provides that the prevailing party in a timber theft action is entitled to recover "attorney's fees." Accordingly, whether Garvey is entitled to attorney's fees depends upon the meaning of the phrase "directly associated legal costs." Garvey argues that her attorney's fees are legal costs that are "directly associated" with the trespass. The Chaceys argue that Garvey is merely entitled to the costs necessary for the prosecution of her suit.

Code §§ 17.1-600, <u>et seq.</u>, govern the subject of costs in litigation. Code § 17.1-601 provides that a prevailing party is entitled to recover his or her "costs" against the opposite party.

In Advanced Marine Enterprises, Inc. v. PRC Inc., 256 Va. 106, 501 S.E.2d 148 (1998), we examined the meaning of "costs" under Code § 18.2-500 and in §§ 14.1-177-201 [now §§ 17.1-600, et seq.]. Code § 18.2-500 provides that the prevailing party in a suit for injury to one's reputation, trade, business or profession by reasons of a violation of Code § 18.2-499 is entitled to treble damages, as well as the "costs of suit, including a reasonable fee to plaintiff's counsel." In Advanced Marine, the trial court had awarded expert witness fees, expenses for express mail service, messengers, meals, law clerk "temporaries," computer-based legal research, library research, photocopies, parking, taxicabs, telephone calls, and transcripts, all under the rubric of "costs of suit" as set out in Code § 18.2-500. Id. at 126, 501 S.E.2d at 160. We determined that a trial court's discretion to award "costs" was limited "only to those costs essential for prosecution of the suit, such as filing fees or charges for service of process," and remanded for a new calculation of appropriate costs. Id. at 126-27, 501 S.E.2d at 160.

As our decision in Advanced Marine made clear, the term "costs" is limited to the costs necessary for the prosecution of a suit, and does not include attorney's fees. The Code of Virginia contains more than 200 instances where the General Assembly has determined a successful litigant is entitled to "attorney's fees and costs" or "costs and attorney's fees." See, e.g., Code § 2.2-3011(D) ("The whistle blower may be entitled to recover reasonable attorney fees and costs."); Code § 4.1-410(A) ("The Board may . . . award reasonable costs and attorneys' fees to the prevailing party."); Code § 6.2-428(B) ("In the event the aggrieved party prevails, he may be awarded reasonable attorney fees and court costs in addition to any damages awarded."). The General Assembly clearly views costs associated with litigation as a category of recoverable expenses separate and distinct from attorney's fees.

The authority for awarding costs and attorney's fees is in derogation of common law, and therefore, subject to strict interpretation. Lansdowne Dev. Co., L.L.C. v. Xerox Realty Corp., 257 Va. 392, 403, 514 S.E.2d 157, 162 (1999). In crafting Code § 55-332(B), the General Assembly provided that an owner in a timber trespass case was entitled to more than just the "costs" necessary for the prosecution of a suit. Instead of using the well-defined term "costs," the General Assembly provided that the owner was entitled to "any directly associated legal costs incurred by the owner of the timber as a result of the trespass." This particular phrase does not appear anywhere else in the Code of Virginia. It clearly means more than the costs necessary for the prosecution of the suit. However, the General Assembly did not include the right to recover attorney's fees in this statute, something it has done in more than 200 other separate instances. Strictly construing the plain language of the statute, as we are required to do, Garvey is entitled to recover any directly associated legal costs that she incurred as a result of the trespass. She is not, however, entitled to recover attorney's fees. Accordingly, we will remand this case to the trial court for a determination of the directly associated legal costs that Garvey incurred as a result of the trespass.[2]

## C. Value of Timber

In the Chaceys' fourth assignment of error, they assert that the trial court erred in permitting Garvey's timber trespass claim (count 1) to proceed to the jury because Garvey failed to provide any evidence related to the value of the alleged damaged timber. Essentially, the Chaceys are arguing that evidence related to the value of the damaged timber is a prerequisite to awarding any of the additional damages provided for under Code § 55-332(B). Those additional damages are the reforestation costs, the costs of ascertaining the value of the timber, and any

---

[2] Our resolution of assignment of error 1 makes it unnecessary for us to address assignments of error 2 and 3.

directly associated legal costs incurred as a result of the trespass. Code § 55-332(B). Because Garvey's expert witness was excluded, she was unable to introduce any evidence of the value of the timber on the stump. However, she introduced evidence of the reforestation costs and testified that she had already paid a $440 deposit to a specific tree services company towards those costs. She also testified that she had incurred legal costs as result of the trespass.

As stated above, when the language of a statute is unambiguous, we are bound by its plain meaning. Conyers, 273 Va. at 104, 639 S.E.2d at 178. An examination of Code § 55-332(B) demonstrates that any person who removes timber from the land of another without permission shall be liable to pay to the rightful owner, "three times the value of the timber on the stump and shall pay to the rightful owner of the property the reforestation costs incurred not to exceed $450 per acre, the costs of ascertaining the value of the timber, and any directly associated legal costs incurred by the owner of the timber as a result of the trespass." (emphasis added). There is nothing in this provision that states that an owner is only entitled to reforestation costs, legal costs, or the costs of ascertaining the value of the timber after he or she first establishes the value of the timber that was improperly taken. Instead, the statute makes clear that the person who removed the timber "shall be liable to pay" all of these damages to the owner. The fact that Garvey was unable to prove the value of the timber on the stump in this case did not preclude her from being able to recover the other damages she was entitled to under Code § 55-332(B). Accordingly, the trial court did not err in allowing Garvey's claim for timber trespass (count 1) to go to the jury.

### III. Conclusion

For the reasons stated, we will affirm in part and reverse in part the judgment of the trial court. We affirm that portion of the judgment based upon the trial court's decision to allow

9

count 1 to go to the jury.  We reverse that portion of the judgment ruling that Garvey was entitled to recover her attorney's fees, and we will remand the case for a determination of the directly associated legal costs that Garvey incurred as a result of the trespass.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.

10