COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, AtLee and Malveaux
Argued at Richmond, Virginia


CASCADE CREEK HOMES, INC.

MEMORANDUM OPINION[*] BY

v.        Record No. 1179-23-2            JUDGE RANDOLPH A. BEALES
                                         AUGUST 27, 2024

COUNTY OF CHESTERFIELD, VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge

Christina Lollar Savage (Charles M. Lollar; Charles M. Lollar, Jr.;
Lollar Law, PLLC, on briefs), for appellant.

Michael S.J. Chernau, Senior Deputy County Attorney (Jeffrey L.
Mincks, County Attorney; Katherine C. Gill, Senior Assistant
County Attorney, on brief), for appellee.


The County of Chesterfield filed a condemnation petition to acquire an avigation easement

over land owned by Cascade Creek Homes. The County then moved to dismiss the proceedings

before the trial on just compensation began. The circuit court dismissed the condemnation

proceedings and ordered the County to reimburse Cascade Creek for the expenses that it incurred in

preparation for trial. On appeal, Cascade Creek argues that it was also entitled to recover its

attorney's fees and mediation costs from the County.

I. BACKGROUND

On November 10, 2021, the County filed a petition to condemn land owned by Cascade

Creek in order to acquire an avigation easement as part of the development of the Richmond-

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Executive Airport, Chesterfield County. A trial was then scheduled for January 18 and 19, 2023 to determine the value of just compensation that Cascade Creek would receive from the County.

The County and Cascade Creek conducted discovery for the trial through interrogatories and requests for production. The parties also deposed five witnesses, which included four expert witness depositions. In addition, the County and Cascade Creek each retained their own expert appraisers who provided an estimation of the value of the appropriate amount of just compensation. The parties also met for a mediation prior to trial, but they ultimately did not settle the dispute.

On December 28, 2022, the County filed a motion to dismiss its condemnation petition. Over Cascade Creek's objection, the circuit court granted the County's motion to dismiss its petition. Cascade Creek then filed a motion to recover the expenses it incurred in preparation for trial. In its motion, Cascade Creek argued that Code § 25.1-248 and Code § 25.1-419 entitled it to recover the costs related to its expert witnesses, the costs of having a reporter at each deposition, the cost of the parties' mediation, and its attorney's fees. The County agreed that Cascade Creek was entitled to compensation for its expert witness costs and the costs associated with the depositions, but the County argued that it was not required to pay for the mediation or for Cascade Creek's attorney's fees.

The circuit court wrote that it "granted Cascade Creek's Motion for the expenses Cascade Creek incurred in the preparation for trial on the issue of just compensation pursuant to Virginia Code § 25.1-248 in the amount of $21,155.70, representing expert witness costs, discovery costs, and other expenses incurred in the preparation for trial." The circuit court denied Cascade Creek's request for attorney's fees and mediation costs. Specifically, the circuit court explained:

> In support of its ruling on attorney's fees, the Court held that (i)
> Virginia Code § 25.1-248 does not provide for an award of
> attorney's fees; (ii) even if Virginia Code § 25.1-248 did provide
> for an award of attorney's fees, no attorney's fees had actually

been incurred by Cascade Creek in this case; and (iii) pursuant to the Engagement Agreement between Cascade Creek and its counsel, Cascade Creek's payment of any attorney's fees was contingent upon certain conditions that were not met in this case.

In addition, the circuit court wrote, "Regarding mediation expenses, the Court ruled that mediation is a voluntary alternative dispute resolution process that is not an expense incurred in preparation for trial, and therefore is not a recoverable expense under Virginia Code § 25.1-248." Cascade Creek now appeals to this Court.

## II. ANALYSIS

Cascade Creek argues that the circuit court erred by not awarding it attorney's fees and mediation costs under Code § 25.1-248. Cascade Creek also argues, "The trial court erred by holding that Virginia Code § 25.1-248 controls exclusively and by failing to award attorney's fees and mediation costs pursuant to Virginia Code § 25.1-419." "Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007).

### A. Code § 25.1-248

A local government has the authority to file a petition with a circuit court to take private property for the public's use. *See* Code § 15.2-1901.1; Code § 25.1-206. After the locality files its petition, the owner of the private property may have a trial to determine the just compensation that the locality must pay to the owner to take the property. *See* Code § 25.1-220. Under Code § 25.1-248:

> If a hearing has not begun in the trial of the issue of just compensation for the taking or damaging of property and the petitioner has not already acquired the title or a lesser interest or estate in, or taken possession of, such property, the petitioner may upon motion obtain, as a matter of right, an order dismissing the proceeding as to such property. Such order shall also provide, except as may be provided otherwise in a settlement by agreement of the parties, that the petitioner shall pay such owner or owners *their reasonable expenses that have been actually incurred by*

- 3 -

> *them in preparing for the trial on the issue of just compensation*, in such amounts as the court deems just and reasonable.

(Emphasis added).

Here, it is undisputed that the circuit court dismissed the County's condemnation petition before the trial began. The County agreed to reimburse Cascade Creek for expenses related to expert witnesses and discovery matters, but Cascade Creek argues that it is also entitled to attorney's fees and mediation costs because such costs "have been actually incurred by them in preparing for trial." *Id.*

### 1. Attorney's Fees

The Supreme Court has stated, "It is well established that Virginia follows the 'American Rule,' which provides that '[g]enerally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant.'" *Chacey v. Garvey*, 291 Va. 1, 8 (2015) (alteration in original) (quoting *REVI, LLC v. Chicago Title Ins. Co.*, 290 Va. 203, 213 (2015)). "The authority for awarding costs and attorney's fees is in derogation of common law, and therefore, subject to strict interpretation." *Id.* at 10.

Code § 25.1-248 resembles the statute analyzed by the Supreme Court in *Chacey v. Garvey*. In *Chacey*, the Supreme Court reversed a circuit court when it found that the phrase "any directly associated legal costs incurred by the owner of the timber as a result of the trespass" entitled a party to recover her attorney's fees. *Chacey*, 291 Va. at 10 (quoting Code § 55-332(B)). The Supreme Court stated that "the General Assembly did not include the right to recover attorney's fees in this statute, something it has done in more than 200 other separate instances." *Id.* The Court concluded that "Garvey is entitled to recover any directly associated legal costs that she incurred," but she was not entitled to recover her attorney's fees under the statute. *Id.* at 11.

Similar to the statute at issue in *Chacey v. Garvey*, Code § 25.1-248 does not expressly state that a landowner may recover his or her attorney's fees. Instead, Code § 25.1-248 only allows a landowner to recover "their reasonable expenses that have been actually incurred by them in preparing for the trial on the issue of just compensation." Just as the phrase "any directly associated legal costs incurred by the owner" did not entitle a party to her attorney's fees, the phrase "reasonable expenses that have been actually incurred by them in preparing for the trial" also would not entitle a party to recover attorney's fees.

Code § 25.1-248 does not use "attorney's fees" anywhere in its text. In contrast to Code § 25.1-248, the very next statute in this chapter of the Code, Code § 25.1-249, actually does expressly allow a landowner to recover his or her attorney's fees – but only after a trial has already begun. Code § 25.1-249 states:

> At any time *after* a hearing has begun in the trial of the issue of just compensation for the taking or damaging of any property or property interest . . . the petitioner may, upon motion, obtain as a matter of right an order dismissing the proceedings as to such property. Such order shall also provide that the petitioner shall pay such owner or owners for the following expenses that have been actually incurred by them in such amounts as the court deems just and reasonable: (i) *an attorney's fee*; (ii) witness fees, including reasonable fees of not more than three expert witnesses; and (iii) other reasonable expenses and compensation for time spent as a result of the condemnation proceedings.

(Emphases added).

As the Supreme Court has often held, "[W]hen the General Assembly includes specific language in one section of a statute, but omits that language from another section of the statute, we must presume that the exclusion of the language was intentional." *Halifax Corp. v. First Union Nat'l Bank*, 262 Va. 91, 100 (2001) (citing *Turner v. Wexler*, 244 Va. 124, 127 (1992)). Therefore, we must presume that the General Assembly did not intend for a landowner to recover attorney's fees when a condemnation suit is dismissed prior to trial. Rather, the General

- 5 -

Assembly made the legislative choice to limit when a landowner could recover his attorney's fees in a condemnation proceeding, and it chose to draw that line at the start of a trial dealing with the issue of just compensation. The General Assembly clearly knows how to write an attorney's fee provision into a statute as it has already done in over 200 other statutes. *See Chacey*, 291 Va. at 10. The General Assembly simply chose not to do so in Code § 25.1-248. Consequently, given that Code § 25.1-248 does not authorize a circuit court to award a landowner attorney's fees *before* a trial has started, the circuit court did not err when it denied Cascade Creek's request for attorney's fees under this statute.[1]

## 2. Mediation Costs

Cascade Creek also argues that it is entitled to recover its mediation costs under Code § 25.1-248 as "reasonable expenses that have been actually incurred by them in preparing for the trial on the issue of just compensation." Code § 25.1-248. Mediation is "[a] method of non-binding dispute resolution involving a neutral third party who tries to help the disputing parties reach a mutually agreeable solution." *Mediation*, *Black's Law Dictionary* (10th ed. 2014). Indeed, litigants use mediation to settle their disputes outside of court in order to *avoid* a trial. Therefore, the costs associated with mediation are not expenses that are incurred when "preparing for the trial on the issue of just compensation" under Code § 25.1-248 because mediation is not a practice that is used for the purpose of preparing for trial. Consequently, the circuit court also did not err when it denied Cascade Creek's request for reimbursement of its mediation costs under Code § 25.1-248.

---

[1] Cascade Creek also assigns error to the circuit court's determination that Cascade Creek did not actually incur any attorney's fees in this case because its attorneys were hired pursuant to a contingency fee agreement. We do not need to reach this argument now on appeal because we have already determined that Code § 25.1-248 does not entitle Cascade Creek to its attorney's fees.

- 6 -

<u>B. Code § 25.1-419</u>

Cascade Creek also argues that it is entitled to its attorney's fees and mediation costs under Code § 25.1-419. Code § 25.1-419 provides:

> The court in which a condemnation proceeding is instituted by a state agency to acquire real property by condemnation shall award the owner of any right, title, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if (i) the final judgment is that the state agency cannot acquire the real property by condemnation or (ii) the taking is abandoned by the state agency, in full or in part.

Specifically, Cascade Creek argues that the County abandoned its taking by dismissing the condemnation proceedings, and therefore, the County must reimburse Cascade Creek for its attorney's fees and mediation costs.

For Code § 25.1-419 even to apply in this case, the County must first "take" Cascade Creek's property in order for the County to abandon that taking under Code § 25.1-419(ii). Generally, a taking occurs when the government acquires a landowner's right associated with the landowner's private property. *See Jeter v. Vinton-Roanoke Water Co.*, 114 Va. 769, 774-75 (1913) (holding that acquiring an easement could be a taking); *see also* 9 *Thompson on Real Property* § 80.05(b)(1) (2d ed. 1999). However, the record before this Court on appeal does not show that the County actually took Cascade Creek's property because the County never acquired an easement or any other right over the property. The County filed a petition and prepared to take some of Cascade Creek's property, but preparing for litigation that would ultimately result in the taking of property is simply not a taking of property. Consequently, the County's decision to initiate condemnation proceedings did not constitute a taking for purposes of Code § 25.1-419.

Indeed, the General Assembly certainly did not intend for Code § 25.1-419(ii) to apply in cases where a taking has not already occurred, given that the text of the statute only states that a

landowner may be reimbursed when "the taking is abandoned by the state agency." Notably, Code § 25.1-419(ii) previously allowed a landowner to recover when "the *proceeding* is abandoned by the state agency." However, in 2019 the General Assembly replaced the word "proceeding" with the word "taking" in Code § 25.1-419(ii). The Supreme Court has often held that "there is a presumption that the General Assembly, in amending a statute, intended to effect a substantive change in the law" and "that the General Assembly's amendments to a statute are purposeful, rather than unnecessary." *W. Lewinsville Heights Citizens Ass'n v. Bd. of Supervisors*, 270 Va. 259, 265 (2005). The Supreme Court has also stated, "[W]e must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." *Supinger v. Stakes*, 255 Va. 198, 206 (1998) (alteration in original) (quoting *Barr v. Town & County Props., Inc.*, 240 Va. 292, 295 (1990)). "Any 'judgment as to the wisdom and propriety of a statute is within the legislative prerogative.'" *Id.* at 202 (quoting *Blue Cross of Va. v. Commonwealth*, 221 Va. 349, 358 (1980)). Consequently, we must assume that the General Assembly carefully amended Code § 25.1-419(ii) to only apply in cases where a *taking* has already occurred (and then the taken property was abandoned by the Commonwealth or locality) – and not in cases where condemnation *proceedings* were abandoned before a taking ever occurred.[2]

Unlike Code § 25.1-419, Code § 25.1-248 (discussed *supra*) applies to instances where the circuit court issues "an order dismissing the proceeding" for a trial on just compensation. Consequently, because Code § 25.1-419(ii) does not apply in cases where no taking has

---

[2] Code § 25.1-419 appears in Chapter 4 of Title 25.1, and that chapter is titled "Relocation Assistance and Real Property Acquisition Policies." Code § 25.1-401(A), which is also found in Chapter 4 of Title 25.1, states, "The provisions of this chapter shall be applicable to the acquisition of real property by any locality defined as a state agency for purposes of this chapter." In this case, the County was not attempting to relocate Cascade Creek or even acquire title to any of Cascade Creek's real property. Instead, the County was only attempting to acquire an avigation easement over Cascade Creek's real property.

occurred, the circuit court did not err when it determined that Code § 25.1-248 exclusively governed this dispute. Therefore, we do not disturb the circuit court's judgment denying Cascade Creek's request for attorney's fees and mediation costs under Code § 25.1-419.

### III. CONCLUSION

In short, Cascade Creek is not entitled to its attorney's fees under Code § 25.1-248 because that code section does not expressly authorize a circuit court to award attorney's fees in the situation involved in the appeal now before us. In addition, Cascade Creek also cannot recover its mediation costs under Code § 25.1-248 because those costs were not incurred "in preparing for the trial on the issue of just compensation." Furthermore, Cascade Creek is not entitled to its attorney's fees and mediation costs under Code § 25.1-419(ii) because that code section only applies in cases where a taking has already occurred – and the County had not already taken Cascade Creek's property in this case.

For all of these reasons, we do not disturb the judgment of the circuit court.

*Affirmed.*